**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Alicio Alves Da-Cruz,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents. | Case No. 2:26-cv-02201-APG-BNW<br>**Order Appointing Counsel and Deferring Consideration of 28 U.S.C. § 2241 Petition**<br>[ECF Nos. 1, 1-1] |

Petitioner Alicio Alves Da-Cruz, an immigration detainee who is challenging his ongoing federal detention at Nevada Southern Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1-1. The petitioner did not pay the $5 filing fee or apply for in forma pauperis status in this proceeding. ECF No. 1. The petitioner contends that he's been detained since July 29, 2014, but I cannot determine under what statutory authority the petitioner is detained or what constitutional claims he may have, so I defer ruling on the petition. However, I find that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[1] I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

I THEREFORE ORDER that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

indicate its inability to represent the petitioner) within 7 days of the date of this Order. If the FPD is unable to represent the petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it will (1) then have 14 days to file either an amended petition or a motion to dismiss the petition; (2) effectuate service of the amended petition, if one is filed, on the respondents; and (3) file a motion for leave to proceed *in forma pauperis* on the petitioner's behalf.

I FURTHER ORDER that the Clerk of Court will:

1. **FILE** the petition (ECF No. 1-1).
2. **ADD** the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03, this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.
3. **SEND** a copy of the petition (ECF No. 1-1) and this order to the FPD at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.
4. **MAIL** a copy of the petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.
5. **SEND** a copy of the petition (ECF No. 1-1) and this order to Ashlee Hesman (Mattos's counsel) at ahesman@strucklove.com.

I FURTHER ORDER that the USAO must file a notice of appearance within 7 days of the date of this order and file and serve their answer to the amended petition, if one is filed, within 5 days of service of that filing. The respondents must file any documents referenced or

relied upon in their responsive pleading with that pleading. The petitioner will have 3 days to file a reply.

I FURTHER ORDER that the USAO must produce the following documents to the FPD (or certify that such documents are not in their custody or control) within 7 days of the date of this order:

1. I-200 Warrant for Arrest of Alien
2. Form I- 286 Initial Custody Determination
3. I-862 Notice to Appear
4. Form I-213 Record of Deportable or Inadmissible Alien
5. All immigration court orders in the petitioner's removal proceedings.
6. Documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner.
7. Transcripts and/or audio recordings of any custody redetermination proceedings.

I FURTHER ORDER that the respondents must not transfer the petitioner out of this District, with the exception of effectuating his lawful deportation, until further order of the court.[2] In the event of lawful deportation, the respondents must file a notice with the Court within 7 days from deportation.

Dated: July 22, 2026

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

[2] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").